KOH
EGW: USAO 2021R00146

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX 21 cr 60 |
| | * | |
| JEREMIAH PETER WATSON, | * | (Felon in Possession of a Firearm and |
| | * | Ammunition, 18 U.S.C. § 922(g); |
| Defendant | * | Forfeiture, 18 U.S.C. § 924(d), 21 |
| | * | U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Felon in Possession of a Firearm and Ammunition)

The Grand Jury for the District of Maryland charges that:

On or about February 26, 2021, in the District of Maryland, the defendant,

**JEREMIAH PETER WATSON,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition—that is, a Glock-type, 9mm pistol, unknown manufacturer, bearing no serial number; four rounds of 9mm Luger ammunition contained therein; and two 9mm Luger cartridge cases—and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

### Firearm and Ammunition Forfeiture

2. Upon conviction of the offense set forth in Count One, the defendant,

**JEREMIAH PETER WATSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in that offense, including, but not limited to: (1) a Glock-type, 9mm pistol, unknown manufacturer, bearing no serial number; (2) approximately four rounds of 9mm Luger ammunition; and (3) two 9mm Luger cartridge cases.

### Substitute Assets

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), shall

be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner* by EW
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 3/10/21